**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 12-50-JBC**

**TAMMY RIDGE,**                                                                             **PLAINTIFF,**

**V.**                   **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,**                            **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Ridge's appeal from the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The court will grant Ridge's motion, R. 12, and deny the Commissioner's motion, R. 13, because substantial evidence does not support the administrative decision.

At the alleged disability onset date, Ridge was 31 years old and had a high-school-equivalency education and work experience as a waitress, cashier, and restaurant manager. AR 36-42. She alleged disability beginning October 1, 2008, due to diabetes, diabetic neuropathy, chronic depression, and leg ulcers. AR 237. She filed her applications on November 13, 2008, and after several administrative denials and appeals, Administrative Law Judge ("ALJ") Don C. Paris issued a decision on April 13, 2011, determining that Ridge was not disabled. AR 12-23, 184-90. Under the traditional five-step analysis, *see* 20 C.F.R. §§ 404.1520, 416.920; *Preslar v. Sec. of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir.

1

1994), the ALJ found that Ridge had not engaged in substantial gainful activity since October 1, 2008, her alleged onset date; that she had "severe" impairments consisting of being status post-diskectomy with chronic low back pain, diabetes mellitus Type 1 with neuropathy, retinopathy, and peripheral retinal ischemia, an anxiety disorder, and an affective disorder; that her impairments or combination of impairments did not meet or medically equal one of the Commissioner's Listings of Impairment; that she retained the residual functional capacity ("RFC") to lift 20 pounds occasionally and 10 pounds frequently, with limitations of standing and walking a total of six hours in an eight-hour day, and never climbing ladders, ropes, or scaffolds, occasionally stooping, crouching, crawling, needing to avoid concentrated exposure to full-body vibrations and all hazards such as unprotected heights and dangerous machinery, and that she would be able to understand, remember, and carry out simple work instructions, maintain concentration in two-hour segments in an eight-hour workday to complete tasks in a normal amount of time, adequately relate to coworkers and supervisors and to cope with pressures and stressors of a low-stress work environment; and that, based on her RFC and the testimony of a vocational expert ("VE"), a significant number of unskilled jobs exists in the economy which she could perform. AR 16-23. The ALJ thus denied her claim for disability. AR 23. The Appeals Council declined review, AR 1-3, and this action followed.

Ridge's issues on review are whether the ALJ properly evaluated her treating physician's opinion and whether the ALJ properly evaluated her credibility.

Because the ALJ did not provide enough information in his opinion for the court to determine the bases for his evaluations, the court will remand this matter for further consideration.

The ALJ erred in his treatment of the opinion of Dr. George Noe, a treating source.  A treating physician's opinion is normally entitled to superior weight; when the opinion is not given such deference, the ALJ is required to cite good reasons for this action.  20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).  The failure of the Administration to follow its own procedural requirements can constitute reversible error even if the case is otherwise supported by substantial evidence.  *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).  Part of the rationale for giving good reasons is to allow a claimant to understand the disposition of her case, and a failure to follow the procedural requirement is a ground for remand. *Id.*

On January 24, 2010, Dr. Noe completed an RFC questionnaire in which he indicated that Ridge had diabetes mellitus, diabetic peripheral property, diabetic gastroparesis, low back pain, and a movement disorder (restless leg syndrome involving the upper extremities).  She would be limited to lifting 20 pounds occasionally and 10 pounds frequently with occasional bending and twisting; could stand a total of two hours and walk a total of four hours in an eight-hour day (with no more than 30 minutes of standing and 15 minutes of walking at one time); and could sit a total of three hours. She would also need to lie down, shift positions, and walk at will. Considering her symptoms and impairments, Dr. Noe opined that she would need to be absent from work a total of six days per month.  AR 616-21.

3

These were far more severe physical restrictions than those found by the ALJ in terms of the need to change positions and miss work.

The ALJ stated in his decision that he was most persuaded by the opinion given by Dr. W. R. Stauffer, a one-time examining source, because it was "based on the medical evidence of record and clearly sets out specific limitations of activity." AR 21. Dr. Stauffer examined Ridge on only one occasion, did not order any diagnostic studies, and did not indicate that he had other records available for review. AR 455-61. The ALJ added that "Dr. Stauffer's opinion is generally consistent with the recommendations of the state agency medical consultants." AR 21. His rationale for not accepting Dr. Noe's RFC is, in its entirety: "Although treating physician Dr. Noe recommended a similar residual functional assessment, his recommendations are somewhat inconsistent and are afforded less credibility." *Id.*

The Commissioner's regulations recognize that the opinions of treating physicians are entitled to greater deference than other sources because of their ability to provide a "detailed, longitudinal picture" of a claimant's impairments and because they "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. § 404.1527(d)(2). In situations where the treating source's opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with the other substantial evidence in the case record, the ALJ must give it controlling weight. *Id.* Where the opinion is not

4

entitled to controlling weight, the ALJ must determine how much weight is appropriate by considering the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Id. See also Wilson*, 378 F.3d at 544 (6th Cir. 2004).

The ALJ is required to give "good reasons" for the weight given to the treating physician. Social Security Ruling 96-2p provides that the reasons "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Part of the reason for the requirement is "to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not." *Wilson*, 378 F.3d at 544 (citations and internal quotation marks omitted). The failure to follow the procedural requirement in explaining precisely the weight given to the treating physician opinion "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007).

The ALJ's rationale for giving Dr. Noe's opinion less than controlling weight is condensed to saying only that his recommendations were "somewhat inconsistent." AR 21. Read in context with the ALJ's previous sentence, which

5

appears to give the opinion of a one-time examiner, Dr. Stauffer, great weight because it is "generally consistent with the recommendations of the state agency medical consultants," the implication is that the ALJ was judging the treating physician opinion based primarily on whether it too was consistent with the state agency sources. *Id.* This rationale is inadequate because the contrary position of another physician is not a valid basis, standing alone, for discounting a treating source. *Hensley v. Comm'r of Soc. Sec.,* 573 F.3d 263, 266-67 (6th Cir. 2009).

In addition, the ALJ did not weigh several of the factors listed in §§ 404.1527 and 416.927. He did not consider the length of the treatment relationship, the frequency of examination, or the nature and extent of the treatment relationship in discounting Dr. Noe's opinion. Dr. Noe had submitted extensive office notes reflecting treatment beginning in February 2008, before the alleged onset date, and had seen Ridge frequently for adjustment of her insulin level and to prescribe medications for other conditions, including low back pain resulting from a herniated disc and surgery in 2005. AR 364, 422-37, 518-22, 561-67, 603-611. He had also referred his patient to specialists, including a hand surgeon, AR 429, a psychiatrist, AR 519, and a neurologist, AR 595-96, 611. He listed objective signs to support his restrictions, including sensory changes, tenderness, abnormal tics, depression, and anxiety. AR 617. He prescribed pain medications for her and noted that they had a side effect of drowsiness. AR 618.

The Commissioner suggests that there is evidence to support the ALJ's decision to discount Dr. Noe's opinion, such as Ridge's telling the physician in

6

November, 2010 that she was satisfied with her present diabetes treatment regimen. AR 650. An unspecified improvement in a claimant's condition is not substantial evidence from which to find an impairment has subsided. *Boulis-Gasche v. Comm'r of Soc. Sec.,* 451 Fed.Appx. 488, 2011 WL 3677972 (6th Cir. 2011). Even if it were, "substantial evidence alone does not excuse noncompliance with [the regulations] as harmless error." *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 410 (6th Cir. 2009).

The ALJ did not provide "good reasons" for discounting the treating physician's opinions. Because the evidence does not support an award of benefits, the court will remand this matter for further consideration.

Turning to Ridge's second issue, the ALJ's assessment of Ridge's credibility was not in accordance with the regulations and applicable Sixth Circuit case law. Credibility findings are entitled to great deference. *Hardaway v. Sec'y of Health and Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987). Although given great weight, they must nonetheless be supported by substantial evidence. *Walters v. Comm'r of Social Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). The Commissioner has set out detailed, and in some respects complex, standards which an ALJ must follow to assess a claimant's credibility.

Social Security Ruling ("SSR") 96-7p states that where, as here, an underlying medical impairment that can reasonably be expected to produce a claimant's pain or other symptoms has been shown, but the claimant's statements about the intensity, persistence or functionally limiting effects of pain or other

7

symptoms cannot be substantiated by objective evidence, the adjudicator must make his credibility finding "based on a consideration of the entire case record." *Id.* at *2. An ALJ's decision finding a claimant's subjective complaints not credible only because of the content of the medical record is contrary to the Commissioner's regulations. *See Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994). 20 C.F.R. § 404.1429(c)(2) provides that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." The ALJ is also required to consider other factors outlined in the regulations, including daily activities, location, duration, frequency, and intensity of pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medication, treatment other than medication, and any measures used by the claimant to relieve pain. *Felisky*, 35 F.3d at 1039-40.

The ALJ's decision found only that while "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms… her statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 17-18. While the ALJ proceeded to summarize much of the medical evidence, certain statements by medical professionals which tend to support her subjective complaints were not mentioned, such as Dr. Martin Fritzhand's statements that she was "weak," had

8

"generalized musculoskeletal distress," and that he found evidence of nerve root damage in the lumbar spine.  AR 453.  Dr. Stauffer, whom the ALJ found most persuasive, stated that Ridge was "probably accurate" in saying that she had difficulty standing more than 30 minutes.  AR 458.  While a credibility finding is based on substantial evidence, and mischaracterizing or failing to mention certain factors can be harmless error if the finding is based on sufficient other evidence, *see Ulman v. Comm'r of Soc. Sec.,* 2012 WL 3871353 (6th Cir. 2012) in the present case the decision does not fulfill the requirement of the regulations that it "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and [is] sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, at *4. Because the ALJ made insufficient findings regarding Ridge's credibility, the court cannot evaluate whether his determination was supported by substantial evidence.

Accordingly,

**IT IS ORDERED** that Ridge's motion for summary judgment, R. 12, is **GRANTED** in part and **DENIED** in part and that the case is **REMANDED** to the Social Security Administration for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 13, is **DENIED**.

The court will enter a separate judgment.

9

Signed on December 20, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY